# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.  Case No.  **3:98cr108/LC**
  **3:08cv443/LAC/CJK**

**JOHN WESLEY MONTGOMERY,**
  **Defendant**.

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 272). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Having conducted a careful review of the record and the arguments presented, the undersigned concludes that the motion should be denied.

Pursuant to a written plea agreement, defendant pled guilty in 1999 to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D)(vii), and 846 (docs. 51, 52). The trial court sentenced defendant to a term of 30 months in prison, to be followed by a three-year term of supervised release. The court also assessed a fine of $1,500.00 and a $100.00 special monetary assessment. Defendant was released from custody on February 13, 2004 (doc. 112).

On October 18, 2004, defendant's probation officer requested a warrant for violation of supervised release, alleging defendant committed a new law violation.

(doc. 112). The officer reported that on September 29, 2004, deputies responded to a citizen complaint of reckless driving, located the vehicle, and attempted a traffic stop. After a chase of several miles, defendant's vehicle ran off the road and crashed through a fence. Law enforcement officers apprehended defendant following a foot chase. Florida authorities charged defendant with aggravated assault on a law enforcement officer, fleeing and eluding, criminal mischief, and reckless driving. Having failed to advise his federal probation officer of the new charges (a stated condition of supervised release), defendant was apprehended on a federal warrant for supervised release violation.

Represented by an Assistant Federal Public Defender, defendant made a first appearance on the federal warrant on November 3, 2004 (docs. 243, 246). Following a detention hearing, the trial court ordered that defendant be detained pending a hearing on the charge for violation of supervised release (docs. 244-45). Defendant appeared at the violation hearing with counsel and stipulated to the violations (doc. 274, pp. 2-6). Defendant advised the court of his drug and mental health problems and requested that he be permitted to enter a residential drug treatment program the following month. The court deferred sentencing, stating that sentencing would be set once defendant completed the treatment program (doc. 274, pp. 12-13).

On July 15, 2005, defense counsel filed a motion confirming that defendant stipulated to violating the terms of his release, that sentencing had been deferred, and that arrangements had been made for defendant to begin drug treatment at the Lakeview Residential Drug Treatment Program (Lakeview) on July 18, 2005 (doc. 258). In accordance with counsel's request, the court released defendant on bond and under the standing conditions of supervised release, with the added condition that he

successfully complete the drug treatment program at Lakeview. (doc. 259). On or about September 14, 2005, defendant's probation officer learned that defendant had successfully completed the program on August 30, 2005, but had not reported to his probation officer as instructed.

At the direction of the probation officer, defendant arrived at the probation office the following day. Unable to supply a urine sample, defendant was instructed to return at 1:00 p.m. that afternoon. Defendant failed to report as instructed, and instead took his grandmother's car without permission. State authorities arrested defendant on October 3, 2005, allowing the State to proceed with its pending case on the September 29, 2004, charges of aggravated assault on a law enforcement officer and fleeing and eluding. Defendant, abandoning an initial defense of insanity, pleaded guilty to the foregoing offenses (doc. 272, p. 25). The state court adjudicated defendant guilty and sentenced him as a habitual felony offender to 54 months in prison on each count, the terms to run concurrently (docs. 272, p. 36; 275, pp. 3-4).

While serving his state sentence, defendant requested that his attorney seek to have him brought to federal court for sentencing. In response to this request, the court set sentencing for the supervised release violation for October 17, 2007 (docs. 261-64). Defense counsel moved for a continuance to obtain copies of defendant's psychological evaluations, believing the court should consider them before imposing sentence (doc. 265, p. 2). When defendant appeared for sentencing, defense counsel agreed that defendant had stipulated to violating the conditions of his supervised release, had been in state custody since October 2005, had pleaded guilty in state court to the offenses underlying the violation of his supervised release, and had been sentenced to 54 months' incarceration in May 2007 (doc. 275, pp. 2-3). Counsel

confirmed that defendant had abandoned his insanity defense in state court, but still asked that the court consider two psychological evaluations submitted on defendant's behalf (doc. 275, pp. 4-6). The court sentenced defendant to a term of 24 months in federal prison, the sentence to run consecutively to the state sentence defendant was then serving (doc. 275, p. 12).

In April 2008, defendant filed a state court motion for post-conviction relief, challenging the state conviction underlying his federal violation of supervised release. Defendant maintained that he did not wish to withdraw his previously entered guilty plea, but insisted that the court enforce the plea agreement providing for the state and federal sentences to run concurrently. After a hearing, the state court granted the motion and rendered a corrected judgment and sentence, which adjudicated defendant guilty on both counts, sentenced him to time served, and ordered that he be released to federal authorities (doc. 277, attachment 8).

In the present petition filed pursuant to 28 U.S.C. § 2255, defendant alleges four grounds he believes require that the sentence for violation of supervised release be vacated or modified. Defendant asserts first that he did not receive credit for time served in the residential drug treatment facility, which time defendant contends the court ordered (doc. 272, p. 4). A careful review of the record, however, discloses that the court did not order defendant into inpatient drug treatment. Instead, the court acquiesced in defendant's requests to defer sentencing, release him on bond, and allow him to complete the drug treatment program at Lakeview (docs. 258, 259). On July 18, 2005, defendant was released from federal custody, and was not returned until October 9, 2007 (docs. 259, 263). Because the court deferred sentencing and

released defendant from federal custody, he is not now entitled to credit for time served in the drug treatment facility.

Secondly, defendant contends that the state sentence, the violations underlying which the court relied upon to find that defendant violated the terms of his federal supervised release, was illegal (doc. 272, p. 5). Defendant advises further that he is currently seeking modification of the state sentence. The record shows that after a hearing on defendant's post-conviction motion, the state court, although nominally granting the motion, merely corrected the judgment and sentence, changing the sentence of 54 months in prison to one of time served (doc. 277, attachment 8). In so ordering, the state court did not vacate or modify defendant's guilty plea and conviction. Accordingly, the underlying state conviction remains unimpaired.

Assuming arguendo the state court had vacated defendant's conviction, the state action has no bearing on defendant's conviction and sentence for violating the conditions of federal supervised release. *See* 18 U.S.C. § 3583(e)(3) (authorizing court to "revoke a term of supervised release" if "the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release"). Here, defendant stipulated that he committed the supervised release violations as charged, and the court heard evidence tending to show that defendant was guilty of the new law violations alleged (doc. 274).

Defendant next asserts that the federal sentencing court failed to consider that he had been declared insane at the time of his state trial (doc. 272, p. 7). Defendant also contends that he has been denied proper psychiatric treatment and argues that he should have been adjudged not guilty by reason of insanity or, in the alternative, should have been given a downward departure on his supervised release sentence in

light of his mental condition (docs. 272, p. 7; 297, pp. 2-8). Defendant plainly misrepresents the facts of this case. The state court did not declare defendant insane, and defendant points to no matter of record to substantiate his false claim. In the state proceeding, defendant merely filed a notice to rely on insanity defense (doc. 272, pp. 25-26). He then, however, abandoned the insanity defense and pleaded guilty to the new law violation charges (docs. 272, pp. 32, 36; 275, pp. 3-4). Having been provided copies of defendant's psychological evaluations, the District Court stated expressly that it had considered those evaluations before imposing sentence (doc. 275, pp. 3, 12). The record thus refutes defendant's claim that the court did not consider his mental health status before imposing sentence.

Finally, defendant alleges that he has paid $600.00 towards his $1,600.00 fine and assessment and complains that the government has erroneously filed a lien against him for the entire amount. As the government points out, defendant misunderstands the nature of the lien in force against his property. According to the "Notice of Lien," the "lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside . . ." (doc. 272, p. 28). The lien filed against defendant's property will remain properly in effect until such time as defendant pays the entire fine and assessment.

Pursuant to 28 U.S.C. § 2255(b), this court must conduct an evidentiary hearing upon defendant's motion to vacate sentence, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." In support of such motion, however, defendant must proffer credible and specific evidence entitling him to relief. *See Drew v. Dept. of Corrections*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such

allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."). Here, the record refutes some of defendant's primary claims; the others, if true, would not entitle defendant to relief. This court may therefore deny the requested relief without an evidentiary hearing. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is *not* entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible.") (quotation marks omitted). Because none of the present claims are supported by the record, no hearing is required.

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 272) be DENIED.

At Pensacola, Florida, this 9th day of May, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**